UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NETRIC VAUGHN                                          CIVIL ACTION

VERSUS                                                 NO. 18-4845

LEON CANNIZZARO                                        SECTION "H"(2)

## ORDER AND REASONS ON MOTION

Plaintiff has filed a Motion to Amend Complaint (2nd Motion to Amend). Record Doc. No. 46. This motion seeks to <u>join</u> the trustee of plaintiff's bankruptcy estate as a party in this case, apparently in addition to maintaining herself as a named plaintiff.[1] Record Doc. No. 46-1 at p. 2. Defendant filed a timely opposition memorandum. Record Doc. No. 48. Defendant previously filed a motion to dismiss this case on grounds that the bankruptcy trustee, not plaintiff, was the real party in interest. Record Doc. No. 33. The motion to dismiss is pending before the district judge. For the following reasons, plaintiff's motion is DENIED, subject to the Rule 17 order set out below.

Fed. R. Civ. P. 17(a)(1) and (3) provide in pertinent part:

An action <u>must</u> be prosecuted in the name of the real party in interest. The following may sue <u>in their own names without joining</u> the person for whose benefit the action is brought: . . . (g) a party authorized by statute . . . The court may <u>not</u> dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, <u>a reasonable time has been allowed</u> for the real party in interest to ratify, join, <u>or be substituted</u> into the action.

(emphasis added).

---

[1] Plaintiff did not attach the proposed amended complaint to her motion, so that the actual nature of her request to amend, <u>i.e.</u> to ratify, join or substitute under Rule 17, is unclear.

Plaintiff concedes that she failed to include the claim asserted in the instant lawsuit in her summary of assets and liabilities schedules when she filed her Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court in the Middle District of Louisiana. Record Doc. Nos. 46-2; 6, 14 in Bkrtcy. No. 15-11535 (M.D. La.). When a plaintiff files for bankruptcy relief after the events that are asserted in a lawsuit have occurred, the claim is <u>not</u> properly pursued by the plaintiff. Instead, the claim becomes the property of the bankruptcy estate, and "the [t]rustee is the real party in interest with <u>exclusive</u> standing to" pursue the claim. <u>Wieberg v. GTE Southwest, Inc.</u>, 272 F.3d 302, 306 (5th Cir. 2001) (citing 11 U.S.C.§ 541(a) (defining property of the bankruptcy estate) (emphasis added); <u>In re Coastal Plans, Inc.</u>, 179 F.3d 197, 207-08 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1117 (2000) (finding that it is the debtor's duty to disclose all potential causes of action); <u>Matter of Educators Group Health Trust</u>, 25 F.3d 1281, 1283 (5th Cir. 1994) (finding that causes of action are included in the property of a bankruptcy estate)). Thus, plaintiff has no standing in this matter at this time and cannot prosecute this suit.

On motion of the bankruptcy trustee, Record Doc. No. 46-2, plaintiff's bankruptcy case has been reopened, and Dwayne M. Murray was re-appointed by court order on February 11, 2019, as trustee in that case in the Middle District of Louisiana. Record Doc. No. 28 in Bkrtcy. No. 15-11535 (M.D. La.).

Sections 323, 541(a)(1) and 554 of the Bankruptcy Code provide:

(a) The trustee in a case under this title is the representative of the estate.
(b) The trustee in a case under this title has capacity to sue and be sued.

\*\*\*\*

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) . . . <u>all legal or equitable interests</u> of the debtor in property as of the commencement of the case.

\*\*\*

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

(emphasis added). Thus, the trustee – not plaintiff – has exclusive standing to determine whether he should be substituted as plaintiff in this case and, if so, to institute that substitution. The trustee or the bankruptcy court may alternatively determine if the claim should be abandoned so that plaintiff herself may pursue it.

In accordance with Sections 323 and 541(a)(1), Fed. R. Civ. P. 17 and Fifth Circuit precedent, Murray, as bankruptcy trustee, is the "real party in interest" in the instant matter and has exclusive standing to prosecute this lawsuit, <u>see</u> <u>Wieberg</u>, 272 F.3d at 306, until such time, if ever, that the claim is abandoned, and it reverts back to plaintiff herself. Rule 17 provides that Murray must be provided a "reasonable time" to substitute himself as plaintiff, if he decides to do so. Accordingly, IT IS ORDERED that, no later than **April 26,**

**2019**, Murray must advise this court in writing whether he wishes to pursue this lawsuit as an asset of plaintiff's bankruptcy estate, or abandon this matter in accordance with 11 U.S.C. § 554, so that Netric Vaughn may pursue it in her personal capacity. The trustee may move for an extension of this deadline, which will be granted, for any reason related to his administration of the bankruptcy estate and consistent with the order of the United States Bankruptcy Judge in the Middle District of Louisiana Bankruptcy Court.

New Orleans, Louisiana, this _____13th_____ day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. JANE TRICHE MILAZZO**
**AND**
**HON. DOUGLAS D. DODD**
**UNITED STATES BANKRUPTCY JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**
**707 FLORIDA STREET, ROOM 119**
**BATON ROUGE, LA 70801**

**CLERK TO SERVE (by United States Mail):**
**DWAYNE M. MURRAY, LSBA 18658**
**CHAPTER 7 TRUSTEE**
**ONE AMERICAN PLACE**
**301 MAIN STREET, SUITE 810**
**BATON ROUGE, LA 70801**